IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWAYNE A. THOMPSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-24-557-F |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2241, alleging "he has never received any of his street time credit for supervised release." Doc. 1, at 2.[1] This matter was referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondent has filed a motion to dismiss the petition based on failure to exhaust, failure to state a claim, and failure to designate a proper respondent. Doc. 11.[2] The undersigned recommends the Court grant the

---

[1]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]     "The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Petitioner is currently held at the El Reno Federal Correctional Institution. *Inmate Locator,* FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 18, 2024). So the El Reno

motion and dismiss the habeas corpus petition for Petitioner's failure to exhaust his administrative remedies.

I.   **Procedural history.**

On September 5, 2007, this Court sentenced Petitioner to a 135-month term of imprisonment for knowingly and intentionally distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). *United States v. Thompson*, No. CR-06-212-F, Doc. 51. In 2008, the Court reduced the sentence to 108 months under 18 U.S.C. § 3582(c)(2). *Id.* Doc. 60.

In 2012, this Court reduced Petitioner's sentence from 108 months to time served. *Id.* Docs. 63, 66. Petitioner's five-year term of supervised release remained unchanged.

On May 2, 2014, at a final hearing on an amended petition for revocation of Petitioner's supervised release, the Court determined Petitioner had violated the terms of his supervised release based on Petitioner's stipulation and conviction in a state criminal trial. *Id.* Doc. 83, at 1. This Court sentenced Petitioner to twenty-four months' imprisonment, to run consecutive to any

---

Federal Correctional Institution Warden is hereby substituted as the proper respondent in this action. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Court; *see also* Fed. R. Civ. P. 25. The Clerk of Court will note the substitution on the record.

time spent in state custody and to be followed by a sixty-month term of supervised release. *Id.* at 2.

At a December 12, 2023 final revocation hearing triggered by a petition to revoke Petitioner's supervised release, this Court sentenced Petitioner to thirty-six months' imprisonment, to be followed by sixty months' supervised release. Docs. 105, 106. Petitioner appealed, and the United States Court of Appeals for the Tenth Circuit affirmed the revocation sentence. *United States v. Thompson*, No. 23-6214, 2024 WL 2014447, at *2 (10th Cir. May 7, 2024).

## II. The exhaustion requirement and the Bureau of Prisons' (BOP's) Administrative Remedy Program.

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, federal case law requires exhaustion of available administrative remedies as a prerequisite to federal habeas relief under § 2241. *See, e.g.*, *Medina v. Williams*, 823 F. App'x 674, 676 (10th Cir. 2020); *see also Parkhurst v. Pacheco*, 809 F. App'x 556, 557 (10th Cir. 2020) (holding petitioner must exhaust administrative remedies "before a federal court will entertain his petition for habeas corpus"); *Barringer v. Wilyard*, 301 F. App'x 764, 767 (10th Cir. 2008) (citing *Binford v. Berkebile*, 2007 WL 2059732, at *4 n.5 (N.D. Tex. July 17, 2007) as recognizing that "the exhaustion requirements for § 2241 . . . arise from federal case law rather than a statute").

To satisfy this exhaustion requirement, a petitioner must comply with the available administrative procedures. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. "A failure to pursue any level of review generally bars a federal court from considering a § 2241 application." *Acosta v. Daniels*, 589 F. App'x 870, 872 (10th Cir. 2014).

The Warden has the burden "to prove the affirmative defense of exhaustion." *Id.* at 873. "Once a defendant proves that [a petitioner] failed to exhaust, however, the onus falls on the [petitioner] to show that remedies were unavailable to him" and a petitioner "should be afforded an opportunity to counter the exhaustion defense." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

The mandatory exhaustion process for federal prisoners is established by the BOP's Administrative Remedy Program set forth at 28 C.F.R. §§ 542.10-542.18. First, a prisoner must present his complaint informally to prison staff using procedures established by the warden of his facility. *See* 28 C.F.R. § 542.13(a). If the informal complaint does not resolve the dispute, the

4

prisoner must submit a formal written Administrative Remedy Request using the BP-9 form. 28 C.F.R. § 542.14(a). Both the informal and formal complaints must be submitted within twenty calendar days of the incident about which the prisoner complains. *Id.* If the prisoner is not satisfied with the warden's response to the formal complaint, he must appeal to the Regional Director within twenty calendar days of the warden's response using the BP-10 form. 28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the Regional Director's response, he must submit a national-level appeal to the BOP's General Counsel within thirty calendar days of the Regional Director's response using the BP-11 form. *Id.*

### III. Respondent has met his burden to show Petitioner failed to exhaust.

Respondent states Petitioner has submitted no Administrative Remedy Requests or Appeals during his BOP incarcerations. Doc. 11, at 4 & Att. 1, at 4. Petitioner did not respond to Respondent's motion to dismiss, so the Court deems confessed these facts asserted by Respondent. *See* LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."); *cf. Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (where pro se litigant failed to respond to a motion to dismiss his complaint, the district court satisfied procedural requirements for dismissing

it by "sufficiently analyz[ing] the reasons [the plaintiff] fail[ed] to state a claim," "not[ing his] failure to respond," and deeming plaintiff's "lack of response a concession of [defendant's] arguments"). The Court concludes, therefore, that Petitioner has failed to exhaust.

Petitioner's uncontested failure to exhaust his administrative remedies before filing suit—and his failure to demonstrate that the BOP's Administrative Remedy Program was unavailable to him—requires dismissal of this action without prejudice.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Respondent's motion and dismiss the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court on or before November 22, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this report and recommendation waives

the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of October, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE